FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2026

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH S.,<br><br>              Plaintiff,<br><br>    v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security<br><br>              Defendant. | NO. 1:25-CV-3157-TOR<br><br>ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT |

BEFORE THE COURT is Plaintiff's Motion for judicial review of Defendant's denial of his application for Title XVI disability benefits under the Social Security Act. (ECF No. 8). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, the Commissioner's denial of Plaintiff's application for benefits under Title XVI of the Social Security Act is AFFIRMED.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(C)(3).

## STANDARD OF REVIEW

It is the administrative law judge's (ALJ) job to "determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)).  The Court will affirm the Commissioner's decision to deny benefits unless it "is not supported by substantial evidence or is based on legal error."  *Lambert*, 980 F.3d at 1277 (quoting *Treichler*, 775 F.3d at 1098) (internal quotations omitted).  It is important for the ALJ to provide sufficient reasons for the court to review the basis of an administrative order and to identify where in the record those reasons are reflected. *Id.*

The Court reviews the agency's findings to determine whether they are supported with substantial evidence.  *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019); 42 U.S.C. § 405(g).  In this context, the threshold is not high.  *Biestek*, 587 U.S. at 103.  Substantial evidence is present when there is "more than a mere scintilla." *Biestek*, 587 U.S. at 103 (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  In other words, "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

The Court will not reverse for errors that are harmless. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). To effectuate this, the Court reviews the record as a whole to determine whether the error altered the result of the case. *Molina*, 674 F.3d at 1115.

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

The Commissioner uses a five-step sequential process to decide whether a claimant is considered disabled. 20 C.F.R. § 416.920(a)(1). The Commissioner considers all evidence in the record to make this determination. 20 C.F.R. § 416.920(a)(3). Disability is defined "as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). This requires a severe impairment that makes the claimant unable to complete the claimant's past relevant work or any other substantial gainful work. 20 C.F.R. § 416.905(a).

At each step, the Commissioner may find a claimant either not disabled or

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 3

disabled.  20 C.F.R. § 416.920(a)(4).  If the claimant is found disabled, then the process stops and the determination is made.  20 C.F.R. § 416.920(a)(4).  However, during step three and four, the Commissioner assesses residual function capacity ("RFC").  *Id.*  Then, during steps four and five, the Commissioner evaluates the claimant's claim.  *Id.*

At step one, the Commissioner considers the claimant's work activity and if the Commissioner decides that the claimant is engaging in substantial gainful activity, then the Commissioner will find the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(i).  Substantial gainful activity is both substantial and gainful work activity.  20 C.F.R. § 416.972.  Substantial work activity means "doing significant physical or mental activities" and may be done on a part-time basis, with less pay, or less responsibility than before.  20 C.F.R. § 416.972(a).  Gainful work activity is work done for pay or profit even if the profit is not realized.  20 C.F.R. § 416.972(b).  Put together, "[s]ubstantial gainful activity means work that—(a) [i]nvolves doing significant and productive physical or mental duties; and (b) [i]s done (or intended) for pay or profit."  20 C.F.R. § 416.910.

At step two, the Commissioner considers the claimant's medical severity of the claimant's impairment(s).  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant does not have either a physical or mental impairment that is severely medically determinable, or a combination of impairments satisfying the requirements the

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 4

Commissioner will deem the claimant as not disabled. 20 C.F.R. § 416.920(a)(4)(ii).

At step three, the Commissioner continues to consider the claimant's medical severity of claimant's impairment. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant falls under one of the listings in appendix 1, fulfills this subpart, and the durational requirement, then the Commissioner will determine the claimant as disabled. 20 C.F.R. § 416.920(a)(4)(iii).

At step four, the Commissioner shifts to address the claimant's RFC and work experience to see whether the claimant can make an adjustment to other work. 20 C.F.R. § 416.920(a)(4)(iv). If the Commissioner decides that the claimant can still complete past relevant work, then the Commissioner rules the claimant as not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

At step five, the Commissioner continues to review the claimant's residual functional capacity with the claimant's age, education, and work experience to settle on any possible adjustments to other work. 20 C.F.R. § 416.920(a)(4)(v). If this is possible, then the Commissioner will rule that the claimant is not disabled. However, if the Commissioner establishes the opposite, then the claimant is deemed as disabled. 20 C.F.R. § 416.920(a)(4)(v).

Once a claimant proves that: "(1) that she is not presently engaged in a substantial gainful activity; (2) that her disability is severe, and (3) that her

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 5

impairment meets or equals one of the specific impairments described in the regulations", then the claimant must be found disabled.  *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007) (quoting *Thomas v. Barnhart,* 278 F.3d 947, 955 (9th Cir. 2002)).  However, if the stated impairment does not meet the requirement listed in the regulations, the claimant may "still establish a prima facie case of disability by proving at step four that 'in addition to the first two requirements, ... she is not able to perform any work that she has done in the past.'" *Hoopai*, 499 F.3d at 1074 (quoting *Thomas,* 278 F.3d at 955).  After the claimant establishes his or her prima facie case at step five, the burden shifts to the agency to prove that "the claimant can perform a significant number of other jobs in the national economy." *Hoopai*, 499 F.3d at 1074–75 (quoting *Thomas,* 278 F.3d at 955).

## ALJ FINDINGS

Previously, Plaintiff filed a Title II disability claim that resulted in the ALJ's denial of the claim in 2018.  ECF No. 8 at 2.  However, this was subsequently remanded in February of 2020.  *Id.*  On remand, the ALJ denied Plaintiff's claim. *Id.*  In that decision, the ALJ found that Plaintiff exhibited severe impairments, but that Plaintiff did not meet or equal the required listing and issued a specific RFC. *Id.*  Accordingly, Plaintiff's application was denied.  ECF No. 8 at 3.

On July 5, 2022, Plaintiff filed Title II and Title XVI disability claims alleging an onset of August 1, 2014.  ECF No. 8 at 3.  The ALJ held a hearing in

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 6

July 2024. *Id.* On August 21, 2024, the ALJ issued a denial finding that Acquiescence Ruling (AR) 97-4(9) was not applicable and did not afford res judicata effect regarding Plaintiff's prior ALJ determination. *Id.* The ALJ did not find any severe disorders and ended the decision at step 2 of the analysis. *Id.* The Appeals Council denied review. *Id.*

At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity since the application date, July 25, 2022. Tr. 20. The ALJ determined Plaintiff had impairments including alcohol intoxication, contusion of rib on left side, traumatic preorbital ecchymosis of left eye, dyspnea, and history of hypertension. *Id.* The ALJ recognizes that Plaintiff alleged other impairments but states there was a lack of evidence. *Id.*

Furthermore, the ALJ determined Plaintiff did not have an impairment or combination of impairments that significantly limited his ability for 12 consecutive months. Tr. 20. The ALJ found that the claimant's impairments could reasonably cause some but not all of the alleged symptoms. Tr. 22. Also, the ALJ stated that claimant's statements concerning the intensity, persistence and limiting effects of the symptoms were not consistent with the medical evidence and record. *Id.* Therefore, Plaintiff was not disabled as defined under the SSA. Tr. 23-24.

//

//

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 7

**ISSUES**

I.      Whether the ALJ reversibly erred by not giving res judicata effect to the ALJ's prior decision regarding Plaintiff's Title II application.

II.     Whether the ALJ reversibly erred by not properly assessing the medical opinions.

**DISCUSSION**

**I.      The ALJ did not err by not giving res judicata effect to the ALJ's prior decision on Title II regarding Plaintiff's current Title XVI application.**

Plaintiff argues the ALJ erred when he did not apply res judicata from Plaintiff's previous Title II decision to Plaintiff's Title XVI claim.  ECF No. 8 at 5-10.  Plaintiff argues that under *Lyle v. Sec'y of Health & Hum. Servs.*, 700 F.2d 566 (9th Cir. 1983), a claimant is entitled to res judicata effect when the claimant's initial Title II claim was denied but brought a subsequent Title XVI claim.  ECF No. 8 at 5.  Plaintiff furthers that res judicata effect applies to administrative decisions, not only to claims under the same disability title.  ECF No. 8 at 5-6 (citing *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988)).  Defendant responds that res judicata does not apply because there is not a previous final decision on an application under the same title.  ECF No. 13 at 2.  Defendant argues that *Lyle* did not hold that res judicata principles must be applied and that the holding was limited to that case.  ECF No. 13 at 3.

"The principles of res judicata apply to administrative decisions, although

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 8

the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988).  In *Lyle v. Sec'y of Health & Hum. Servs.*, 700 F.2d 566 (9th Cir. 1983), the Court applied res judicata to the decision under a different title.  The Court held "in absence of proof of change, a prior ruling respecting disability gives rise to a presumption that the condition continues to exist." *Lyle v. Sec'y of Health & Hum. Servs.*, 700 F.2d 566, 568 (9th Cir. 1983).   The Court clarified that in addition to applicability to prior disability determinations, this should be applied in situations where the claimant was determined as not disabled. *Id.*  The district courts in the Ninth Circuit apply a presumption of a continuing non-disability unless the claimant demonstrates a change in circumstances.  *See Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988); *Dallas v. Chater*, 105 F.3d 664 (9th Cir. 1997); *Jeremy U. v. O'Malley*, 2024 WL 171320, at *7 (E.D. Wash. Jan. 16, 2024).

However, after *Lyle* and *Chavez*, Acquiescence Ruling (AR) 97-4(9) further clarified the applicability of res judicata in social security cases.  SSAR 97-4(9), 1997 WL 742758 (Dec. 3, 1997).  Acquiescence Ruling (AR) 97-4(9), provides that *Chavez*, "applies only to cases involving a subsequent disability claim with an unadjudicated period arising under the same title of the Act as a prior claim on which there has been a final decision by an ALJ or the Appeals Council that the claimant is not disabled." *Id.*  A published ruling "is binding on all components of

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 9

the Social Security Administration in accordance with [20 CFR Part 422].” However, “[r]ulings do not have the force and effect of the law or regulations but are to be relied upon as precedents in determining other cases where the facts are basically the same.” *Heckler v. Edwards*, 465 U.S. 870, 874 n.3 (1984) (citation omitted).

Plaintiff argues that *Lyle* is controlling binding precedent not the AR ruling and district court cases. ECF No. 14 at 2-3. While this is true, *Lyle* was decided in 1983, long before the AR decision and other cases were established. Between the AR decision, caselaw, and secondary support, it is clear the intent of the SSA was to apply res judicata effect to decisions under the same titles.

However, this district court further supported the AR decision and applicability of these authorities regarding subsequent decisions under a different title by stating “[t]he provisions of *Chavez* and AR 97-4(9) apply only when the subsequent claim ‘arises under the same title of the Social Security Act’ as the prior denied claim.” *Heather S. v. Kijakazi*, 2023 WL 2581311, at *5 (E.D. Wash. Mar. 20, 2023) (quoting SSAR 97-4(9), 1997 WL 742758 (Dec. 3, 1997)). In further support, while not binding, the Hearings, Appeals, and Litigation Law Manual, a guide used by the SSA, further supports this idea. HALLEX I-2-4-40. It states that

> when a prior determination or decision with respect to the same party, facts, and issue(s) has become administratively final, the doctrine of

ORDER AFFIRMING COMMISSIONER’S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 10

administrative res judicata may be used to dismiss a request for hearing (RH) entirely or to refuse to consider an issue(s) on a subsequent application arising from the same title of the Act.

HALLEX I-2-4-40.

Furthermore, "under the SSA's regulations, administrative res judicata applies when the agency has made a previous final determination or decision regarding the claimant's rights on the same facts and issues." 20 C.F.R. § 404.957(c)(1). The titles under the SSA, while similar, are not the same applications or issues. *See Generally Smith v. Berryhill*, 587 U.S. 471, 475 (2019). Following, if it were interpreted as Plaintiff suggests, this interpretation may help but also hinder many claimants' applications under different titles.

Plaintiff argues that *Lyle* is controlling binding precedent not the AR ruling and district court cases. ECF No. 14 at 2-3. While this is true, *Lyle* was decided in 1983, long before the AR decision and other cases were established. Between the AR decision, caselaw, and secondary support, it is clear the intent of the SSA was to that res judicata effect should not be applied to decisions under different titles.

It follows that cases continuously follow the ideas laid out in the AR decision, too. *Julie A. L. v. Comm'r of Soc. Sec.*, 2019 WL 312275, at *2 (W.D. Wash. Jan. 24, 2019), *aff'd sub nom. Loewen v. Saul*, 809 F. App'x 434 (9th Cir. 2020); *Kevin H. v. Kijakazi*, 2023 WL 3293281, at *6 (E.D. Wash. May 5, 2023); *Reed v. Saul*, 834 F. App'x 326, 328 (9th Cir. 2020). Even more so, many cases

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 11

follow the other precedents and ideas laid out in *Lyle* but not necessarily that res judicata applies to different titles. *See Oatis v. Berryhill*, 2017 WL 6403088, at *4 (C.D. Cal. Dec. 14, 2017). Additionally, Plaintiff does not cite caselaw that backs this precedent beyond *Lyle*. Therefore, the ALJ did not err when he did not apply res judicata to Plaintiff's application.

Plaintiff continues that he filed applications under both Title II and XVI. ECF No. 8 at 6. However, the agency only processed Plaintiff's Title XVI claim, but "later amended his onset to after the date last insured (DLI) of December 31, 2019." ECF No. 8 at 6. While this may be true, at issue is Plaintiff's current Title XVI application denial. There is not another application to review. Plaintiff does not identify an error. However, Defendant clarifies that there was not an unadjudicated Title II period remaining under Plaintiff's application. Tr. 102, 109. Therefore, there was no reason to process that application. ECF No. 13 at 4.

Plaintiff contends that the change in Plaintiff's age status is considered a changed circumstance to rebut the presumption of non-disability. ECF No. 8 at 7. Furthermore, Plaintiff argues that if res judicata was applied, disability would be compelled and remand for further proceedings is necessary at a minimum. ECF No. 8 at 8. As discussed, because res judicata effect is not applicable, this argument fails. For the same reasons, Plaintiff's argument about, on remand, the ALJ should order consultative exams is moot. ECF No. 8 at 9-10.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 12

The Court does not find that the ALJ erred in rejecting to apply res judicata to Plaintiff's current application under a different title.

**II.      The ALJ properly assessed the medical evidence and developed the record.**

While Plaintiff does not concede on the issue of res judicata, Plaintiff argues that the ALJ failed to properly establish the record.  ECF No. 8 at 12-13.  Plaintiff contends that the ALJ should have ordered consultative exams at the hearing.  ECF No. 8 at 13.  Plaintiff argues that the ALJ did not make every reasonable effort to develop the record, there was evidence of impairment, and that the ALJ did not consider Plaintiff's reasons for not receiving treatment or care.  ECF No. 8 at 9-16.  Plaintiff states these were not harmless errors.  ECF No. 8 at 13-16.  Defendant responds that the ALJ attempted to contact Plaintiff to order consultative examinations but was not successful.  ECF No. 13 at 6.

First, Plaintiff alleges that the initial alleged date was beginning on August 1, 2014, and was not amended until the hearing.  ECF No. 8 at 11.  Plaintiff states that the ALJ erred by failing to request evidence from the prior folder when assessing Plaintiff's claim.  *Id.*  As previously discussed, Plaintiff's Title II application was reasonably not analyzed.  Tr. 17-18.  However, considering Plaintiff amended the onset date to 2022, this would only amount to harmless error and would not change the outcome of the case.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 13

Second, Plaintiff alleges that the ALJ did not review the record and did not consider evidence including imaging, exam showing reduced strength, Plaintiff's reliance on his cane, amputation of part of his thumb, decreased grip strength, the agency's physician stating that Plaintiff is limited to light exertion and that Plaintiff must stop every 75 to 100 feet. ECF No. 8 at 11-12. Plaintiff furthers that as a result; the spinal disorder and hand complaints contradict the ALJ's determination that these were not medically determinable impairments. ECF No. 8 at 12.

Defendant states the ALJ provided sufficient evidence of their analysis showing that these allegations are not supported. ECF No. 13 at 7. Plaintiff responds that the ALJ only cited two medical records for evidence of normal exams and is not supported. ECF No. 14 at 10. It is worth noting that the medical record is quite light. Regardless, the ALJ provided evidence of normal exams, mood, and attitude. Tr. 22-23, 350. The ALJ stated that this contradicted the Plaintiff's allegations. Tr. 22-23. Plaintiff's allegations were not supported by the record. *Id.* "It is not the court's role to 'second-guess' an ALJ's reasonable interpretation of a claimant's testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022). Therefore, the ALJ did not err, and his interpretation is reasonable.

Third, Plaintiff states that the ALJ failed to consider Plaintiff's reasons for

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 14

not receiving treatment or care. Plaintiff provides reasons such as

> being told there was nothing that could be done for his spine, insurance denials for physical therapy, lack of transportation, limited funds, lack of motivation related to depression, stopping opioids due to a fear of addiction and lack of efficacy, and the loss of a spouse who helped manage such matters

ECF No. 8 at 12 (citing Tr. 39-40, 44-47).

During the hearing, Plaintiff stated that concerning his spinal problem his insurance did not cover therapy, but that he was doing it on his own. Tr. 39. Plaintiff stated that a neurosurgeon did not want to try surgery because there was a good chance that he could become paralyzed and see if it got any worse. *Id.* There was "nothing that they could do for [him]." Tr. 40. Plaintiff's failure to receive primary care was mostly because of transportation issues but that he uses his friends to receive groceries and to get around. *Id.* Plaintiff alleges money, depression and the loss of his wife as issues to his limited ability to travel. Tr. 44-47.

Defendant responds that Plaintiff received emergency room treatment and appeared "very well" and rode the city bus. ECF No. 13 at 6 (citing Tr. 23, 350). The ALJ found the medical evidence exhibited generally normal exams, studies, mood, movement, etc. Tr.22-23, 104-04, 250-51, 353. The ALJ found that Plaintiff visited the emergency twice in 2023. Tr. 22. The first visit Plaintiff complained of chest pain, alcohol intoxication, and some emotional complaints.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 15

Tr. 22, 353-54. They noted his history of hypertension and his blood pressure measured 152/77. Tr. 22. During the exam, Plaintiff had normal mood, affect, heart rate, rhythm and was fully oriented. *Id.* His ECG "show tachycardic sinus rhythm at a rate of 110 with normal axis and intervals. *Id.* After reviewing the records, he was stable for discharge. Tr. 22.

The second visit consisted of complaints of head, neck, shoulder and back pain due to a fall on the city bus. Tr. 22, 350-52. Plaintiff had a full range of motion, no tenderness, and normal strength and sensation. *Id.* He had a normal mood, and imaging showed negative results. *Id.* Diagnosis was listed as traumatic periorbital ecchymosis of left eye and contusion of rib on the left side. *Id.*

Furthermore, the state agency medical consultants did not find sufficient evidence to establish impairments. Tr. 22, 115-18, 120-123. The ALJ determined that the record provided emergency room records from two visits where evidence showed medically determinable impairment but non-severe. Tr. 23. This contradicted part of the Plaintiff's claims of not receiving treatment for 3-4 years. Tr. 22-23. However, the ALJ noted that he did not have a primary care physician and did not receive any specialized treatment. Tr. 23. The ALJ found that claimant's allegations about his walking and movement capabilities were not supported by the objective records showing normal results. Tr. 23, 282.

Also, the request to complete consultative examinations was pursuant to fix

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 16

inconsistencies and insufficiencies.  ECF No. 13 at 7; 20 C.F.R. § 416.917 (stating consultative exams help when there is not sufficient evidence about a claimant's impairments).  However, Defendant did not respond to these letters and other outreach attempts.  ECF No. 13 at 6 (citing Tr. 117, 121).  This failure can result in non-disability result.  *See* § 416.918.

The ALJ must have objective medical evidence to determine whether a claimant has an impairment.  *See* C.F.R. §§ 416.920b; 416.916.  This burden is on the claimant.  20 C.F.R. § 416.912(a).  As established, the ALJ considered Plaintiff's history of treatment and some of the reasons for failure to receive treatment.  Tr. 22-23.  However, the ALJ had sufficient evidence and reasons to contradict Plaintiff's claims and statements.  Tr. 22-23.  Therefore, even if the ALJ could have considered other reasons, it was only harmless error.

Lastly, Plaintiff states that the ALJ should have developed the evidence with consultative exams before issuing denial.  ECF No. 8 at 13.  Defendant responds that they did try to reach out but did not receive a response.  ECF No. 13 at 6.  The record reflects that Authorized Representatives attempted to contact Plaintiff with no success.  ECF No. 13 at 6; Tr. 117; 121.  While Plaintiff states these should have been ordered at the hearing, the ALJ made reasonable attempts to conduct exams.  As Defendant states, Plaintiff's counsel did not take further issue with this at the time.  ECF No. 13 at 8; Tr. 35-37.  It is the claimant's burden to prove

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 17

impairment rather than the ALJ.  20 C.F.R. § 416.912(a).  The ALJ did not err.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Opening Brief (ECF No. 8) is **DENIED.**

2.  Commissioner's Opening Brief (ECF No. 13) is **GRANTED.**  The final decision of the Social Security Commissioner is **AFFIRMED.**

The District Court Executive is directed to enter this Order, enter **JUDGMENT** for Defendant, furnish copies to counsel, and **CLOSE** the file.

DATED March 30, 2026.

THOMAS O. RICE
United States District Judge

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 18